IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**DALE WAYNE LINGER,**
        **Plaintiff,**

v.                                                      Civil Action No. 2:22-CV-5
                                                                   (JUDGE KLEEH)

**SHEETZ,**

        **Defendant.**

**REPORT AND RECOMMENDATION AFTER INITIAL SCREENING
RECOMMENDING PLAINTIFF'S COMPLAINT [ECF No. 1] BE DISMISSED**

On May 16, 2022, *pro se* Plaintiff Dale Wayne Linger ("Plaintiff") filed a Section 1983 Complaint against Defendant Sheetz. ECF No. 1. On May 17, 2022, this Court, by the Honorable Thomas S. Kleeh, Chief U.S. District Judge, entered an Order of Referral, referring this matter to the undersigned U.S. Magistrate Judge in order "to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise." ECF No. 4.

Having screened Plaintiff's Complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2), the undersigned now **RECOMMENDS** that the Complaint, ECF No. 1, should be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On May 16, 2022, *pro se* Plaintiff Dale Wayne Linger ("Plaintiff") filed a Complaint against Defendant Sheetz #214 located at 341 N. Locust St., Buckhannon, West Virginia 26201. ECF No. 1.

The underlying facts of this Complaint are unclear. Plaintiff asserts only that on "February 16, 2022 at about 3:30 p.m.[,]" Plaintiff "was walking across the parking lot by the gas pumps, when I noticed [there] [sic] are no smoking signs on any of the gas pumps, that is ten accounts [sic] of [e]ndangerment [sic] or something because I was smoking at the time, [there] where individuals pumping gas with kids at the time!" ECF No. 1 at 5. Plaintiff lists "P.T.S.D." as the injury he has suffered related to the events alleged, and Plaintiff requests $50,000 in relief. Regarding the basis for jurisdiction, Plaintiff claims to be bringing this suit under 42 U.S.C. § 1983 against "state or local official." ECF No. 1 at 3. Plaintiff is presently a pretrial detainee, located by Tygart Valley Regional Jail in Belington, West Virginia. ECF No. 1 at 2, 4.

On the same day, May 16, 2022, the Office of the Clerk of Court sent a letter to the Plaintiff reporting that the Office did not receive the required $402.00 filing fee in conjunction with the filing of the Complaint. ECF No. 3 at 1. The letter explains that the filing fee must be paid or "if you claim indigence and are requesting to proceed without prepayment of filing fees, you may complete the enclosed form and return it to the above address as soon as possible." Id. The Clerk's Office also sent to Plaintiff Notice of General Guidelines for Appearing Pro Se in Federal Court. ECF No. 2.

On May 17, 2022, this Court, by the Honorable Thomas S. Kleeh, Chief U.S. District Judge, entered an Order of Referral, referring this matter to the undersigned U.S. Magistrate Judge in order "for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise." ECF No. 4.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), where a plaintiff is seeking to proceed without the prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint

is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

This screening is generally conducted prior to ruling upon the Motion for Leave to Proceed *in forma pauperis* and Application to Proceed Without Prepayment of Fees and Costs and before service of process. *See* Portee v. United States Dep't of Agric., No. 2:15-CV-13928, 2016 WL 4962727, at *2 (S.D.W. Va. July 14, 2016)(Tinsley, J.), *report and recommendation adopted*, No. 2:15-CV-13928, 2016 WL 4942023 (S.D.W. Va. Sept. 15, 2016)(Johnston, J.). However, the court may invoke § 1915 *sua sponte* and shall "dismiss the case **at any time**" if the court determines that the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B)(emphasis added). *See* Whitehead v. Paramount Pictures Corp., No. 1:08CV792 AJTTRJ, 2009 WL 1565639, at *5 at n. 5 (E.D. Va. May 28, 2009), *aff'd in part sub nom.* Whitehead v. Paramount Pictures, Inc., 366 F. App'x 457 (4th Cir. 2010); Cochran v. Morris, 73 F.2d 1310 (4th Cir.1996)(allowing *sua sponte* dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); and Weller v. Dep't of Social Servs., 901 F.2d 387, 389 (4th Cir.1990)(dismissal proper where there were no allegations against defendants).

The purpose of this Section is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. *See also* Nasim v.

Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995)(initial screenings required because § 1915 removed the "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.")(internal citations omitted); Whitehead v. Paramount Pictures Corp., No. 1:08CV792 AJTTRJ, 2009 WL 1565639, at *4 (E.D. Va. May 28, 2009), *aff'd in part sub nom.* Whitehead v. Paramount Pictures, Inc., 366 F. App'x 457 (4th Cir. 2010)(upholding dismissal).

### III. ANALYSIS

The Complaint here provides **no** factual allegations as a basis for the Plaintiff's claims which would allow this Court to grant relief.

First, the Complaint asserts Section 1983 as the basis for federal jurisdiction, specifically action by state or local officials, but Plaintiff lists only Sheetz as a Defendant. Sheetz is a commercial chain of convenience stores, coffee shops, and gas stations throughout the eastern United States.

A civil action filed pursuant to 42 U.S.C. § 1983 permits "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882.

42 U.S.C.§ 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage.....subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights...secured by the Constitution and laws, shall be liable to the party injured in any action at law...or suit in equity.

The initial inquiry in a § 1983 case is as follows: (1) was the conduct complained of committed by a person acting under the color of state law and (2) did that conduct deprive the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See* Browning v. Seifert, No. 1:13CV23, 2014 WL 1048494, at *14 (N.D.W. Va. Mar. 18,

2014) (*citing* Hale v. Tallapoosa County, 50 F.3d 1579 (11th Cir. 1995) *and* Harvey v. Harvey, 949 F. 2d 1127, 1130 (11th Cir. 1992)).

There are no facts alleged in the *pro se* Complaint that Sheetz was acting under color of state law or that Sheetz's conduct deprived Plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. On the "fill-in-the-blank" form civil complaint completed by Plaintiff, under the question "if you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?" Plaintiff provided no answer or explanation. ECF No. 1 at 3. Where Plaintiff is suing Sheetz, a business organization, with no allegations that said business organization was acting under color of law and no allegations that Sheetz deprived Plaintiff of a federal constitutional or statutory right, this claim is an indisputably baseless § 1983 which should not be given the opportunity to waste judicial and private resources.

Second, in the area providing the Statement of the Claim, there are no allegations of any wrongdoing, acts or omissions, by Sheetz. Plaintiff does not mention Sheetz outside of the case caption or listing Defendant's address information. The written facts are incoherent and in no way set forth a cognizable claim within this Court's jurisdiction. Plaintiff does not explain how "no smoking signs on any of the gas pumps" lead to causing his alleged PTSD or how Sheetz would be arguably liable for such injuries. It is unclear what Plaintiff is referring to in regard to his own behavior – "ten accounts [sic] of [e]ndangerment [sic] or something because I was smoking at the time." ECF No. 1.

Even when construing the *pro se* Complaint most liberally, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the undersigned respectfully finds that the Complaint, as currently

5

written,[1] is without foundation in fact and does not set forth a cognizable claim. Labels and conclusions are insufficient to state a claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The Complaint is so insufficient that it does not provide Defendant Sheetz with fair notice of the the nature of the claims against them or the relief sought.

Because of the lack of any factual allegations of acts, omissions, or wrongdoing by the Defendants, the undersigned **FINDS** that the Complaint fails to state a claim upon which relief may be granted. After performing an initial screening *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2), the undersigned **CONCLUDES** and **RECOMMENDS** Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.

## VI.     RECOMMENDATION

For the abovementioned reasons, the undersigned **FINDS** that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the undersigned respectfully **RECOMMENDS** Plaintiff's Complaint should be **DISMISSED** in its entirety **WITHOUT PREJUDICE** after review pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Any party shall have **fourteen days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed **ten (10) typewritten pages or twenty (20) handwritten pages**, **including exhibits**, unless accompanied by a motion for leave to

---

[1] The undersigned would note that, under Rule 15(a) of the Federal Rules of Civil Procedure, depending on the circumstances, parties may amend their pleadings as a matter of course, with the opposing party's written consent, or upon motion and with permission from the Court.

exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to all counsel of record and to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED**: May 20, 2022.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE